UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JOHN E. CHILDERS, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 4:04CV1799 DJS |
| ) | (TIA) |
| JIM MOORE, et al.,[1] ) | |
| ) | |
| Respondents. ) | |

**REPORT AND RECOMMENDATION**
**OF UNITED STATES MAGISTRATE JUDGE**

This cause is before the Court on Missouri state prisoner John E. Childers' pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (filed December 27, 2004/Docket No. 2). All pretrial matters were referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(b).

On September 6, 2000, Petitioner was convicted by a judge following a bench trial in the Circuit Court of St. Louis County, Missouri, of one count of robbery in the second degree and one count of assault of a law enforcement officer in the second degree. (Resp. Exh. C at 23). On November 3, 2000, the circuit court sentenced Petitioner as a persistent offender to concurrent terms of fifteen years imprisonment on each count to be served consecutively to a sentence Petitioner was currently serving in the Missouri Department of Corrections. (Resp. Exh. C at 29-30). Petitioner appealed the judgment, and on December 18, 2001, Petitioner's conviction and sentence were

---

[1] Inasmuch as Petitioner is challenging sentences to be served in the future, Missouri Attorney General Jeremiah "Jay" Nixon should be named as a proper party respondent inasmuch as petitioner is challenging sentences to be served in the future. 28 U.S.C. § 2254, Rule 2(b). Therefore, the caption will reflect his name as the respondent. 28 U.S.C. § 2254, Rule 2(a).

affirmed on direct appeal by the Missouri Court of Appeals. (Resp. Exh. F; State v. Childers, 62 S.W.3d 726 (Mo. Ct. App. 2001)). On March 28, 2002, Petitioner filed a pro se motion for post-conviction relief under Rule 29.15. (Resp. Exh. G at 3-10). On September 11, 2002, Petitioner's appointed counsel filed an Amended Motion to Vacate, Set Aside or Correct the Judgment or Sentence under Missouri Supreme Court Rule 29.15. (Resp. Exh. G at 18-73). The post-conviction relief court dismissed Petitioner's post-conviction motion without an evidentiary hearing on June 3, 2003. (Resp. Exh. G at 79-82). On March 9, 2004, the Missouri Court of Appeals affirmed the dismissal of Petitioner's post-conviction relief. (Resp. Exh. J). Petitioner pursued no other action for review of his convictions and sentence in state court. The instant petition for writ of habeas corpus, signed by Petitioner on December 22, 2004, and received by this Court on December 27, 2004, was filed December 27, 2004, upon Petitioner being granted leave to proceed in this cause in forma pauperis.

Petitioner is currently incarcerated at the Northeast Correctional Center in Bowling Green, Missouri, pursuant to the sentence and judgment of the Circuit Court of St. Louis County. In the instant petition for writ of habeas corpus, Petitioner raises three grounds for relief:

(1) That the motion court erred in overruling his Rule 29.15 motion for post-conviction relief without granting an evidentiary hearing in that he received ineffective assistance of counsel due to his trial counsel's failure to investigate his case prior to going to trial;

(2) That the motion court erred in overruling his Rule 29.15 motion for post-conviction relief without granting an evidentiary hearing in that he received ineffective assistance of counsel due to his trial counsel's failure to include any grounds in support of his motion for new trial; and

(3) That the trial court erred in finding Petitioner guilty of second degree assault on a law enforcement officer and in sentencing him upon that finding in that the judgment of the trial court was against the weight of the evidence.

In response, Respondent contends that Petitioner has exhausted his claim raised in ground one inasmuch as it had been properly raised in the state courts on appeal from the denial of his post-conviction motion or the claim raised in ground two is procedurally defaulted. A review of the record shows that Respondent failed to address the claim raised in ground three.

## I.   Non-Cognizable Claim

Federal habeas relief is available to a state prisoner only on the ground that he is in custody in violation of a constitutional or federal statutory right. Williams-Bey v. Trickey, 894 F.2d 314, 317 (8th Cir. 1990); 28 U.S.C. § 2254(a). Claims that do not reach constitutional magnitude cannot be addressed in a petition for writ of habeas corpus. Carter v. Armontrout, 929 F.2d 1294, 1296 (8th Cir. 1991).

In his first ground for relief, to the extent that Petitioner claims that the post-conviction motion court erred in denying him an evidentiary hearing on his post-conviction motion inasmuch as he set forth sufficient facts to warrant a hearing thereby depriving him of his right to due process and equal protection of the laws, such claim is not cognizable in a federal habeas proceeding. "Section 2254 only authorizes federal courts to review the constitutionality of a state criminal conviction, not infirmities in a state post-conviction relief proceeding." Williams-Bey, 894 F.2d at 317.

The Eighth Circuit Court of Appeals has long recognized "that a § 2254 court is not an appropriate forum for a prisoner who wishes to challenge the process afforded him in state post-conviction proceedings." Kenley v. Bowersox, 228 F.3d 934, 938 (8th Cir. 2000). "Section 2254 only authorizes federal courts to review the constitutionality of a state criminal conviction, not infirmities in a state post-conviction relief proceeding." Williams-Bey, 894 F.2d at 317 (infirmities

in a state post-conviction proceeding do not raise constitutional issues cognizable in a federal habeas proceeding).

> Errors or defects in the state post-conviction proceeding do not, ipso facto, render a prisoner's detention unlawful or raise constitutional questions cognizable in habeas corpus proceedings. Habeas corpus in the federal courts does not serve as an additional appeal from state court convictions. Even where there may be some error in state post-conviction proceedings, this would not entitle appellant to federal habeas corpus relief since appellant's claim here represents an attack on a proceeding collateral to detention of appellant and not on the detention itself.

Williams v. State of Missouri, 640 F.2d 140, 143-44 (8th Cir. 1981) (denial of a post-conviction relief evidentiary hearing not cognizable in a federal habeas corpus proceeding); Jolly v. Gammon, 28 F.3d 51, 54 (8th Cir. 1994) (conduct of post-conviction relief court cannot constitute independent ground for federal habeas relief). A claim that the post-conviction motion court failed to have a hearing on a post-conviction motion is collateral to a prisoner's conviction and detention, and is therefore not cognizable in a federal habeas petition. Williams-Bey, 894 F.2d at 317. Therefore, to the extent Petitioner seeks relief on the ground that the post-conviction motion court failed to have an evidentiary hearing, such claim is not cognizable in this federal habeas proceeding and should be denied. As such, the claim raised in Ground 1 of the instant petition is not cognizable in this federal habeas proceeding and should be denied.

## II. Procedurally Defaulted Claim

Respondent contends that Petitioner has procedurally defaulted on claim raised in Ground 2, because Petitioner failed to raise this claim on post-conviction appeal. The undersigned agrees that Petitioner is procedurally barred from presenting this claim in federal court.

Failure to present claims to the Missouri Court of Appeals during a petitioner's direct appeal or in a post-conviction proceeding constitutes procedural default. Evans v. Leubbers, 371 F.3d 438,

445 (8th Cir. 2004). A federal court lacks the authority to reach the merits of procedurally defaulted claims unless petitioner can show cause and prejudice for the default or demonstrate a fundamental miscarriage of justice. Schlup v. Delo, 513 U.S. 298, 314-15 (1995). "Establishing cause requires a showing of some external impediment that frustrates a prisoner's ability to comply with the state procedural rules." Malone v. Vasquez, 138 F.3d 711, 719 (8th Cir. 1998). Examples of such cause include a showing that a factual or legal basis for a claim was not reasonably available to counsel, or that interference by officials made compliance impracticable. Murray v. Carrier, 477 U.S. 478, 488 (1986)(citation omitted).

The miscarriage of justice exception applies only in extraordinary cases, particularly if a constitutional violation resulted in the conviction of an innocent person. Schlup, 513 U.S. at 327; Murray, 477 U.S. at 496. This requires petitioner "to support his allegations of constitutional error with new reliable evidence–whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence–that was not presented at trial." Schlup, 513 U.S. at 324. The standard compels petitioner to persuade the court that in light of new evidence no juror would have found him guilty beyond a reasonable doubt. Schlup, 513 U.S. at 329; Perry v. Norris, 107 F.3d 665,666 (8th Cir. 1997). The Supreme Court noted in Schlup that claims of actual innocence are rarely successful because this type of evidence is usually unavailable. Id.

This Court is precluded from addressing the merits absent a showing of cause and prejudice or a miscarriage of justice. Petitioner has not demonstrated cause and prejudice to overcome the procedural bar. Likewise, Petitioner neither argues nor is able to show actual innocence. Therefore, this Court must dismiss claim raised in Ground 2 as procedurally defaulted.

### III. Cognizable Claims

Petitioner's remaining claims appear to state claim that he is in custody in violation of his constitutional rights. Such claims are cognizable and thus may be addressed by this Court.

Section 2254(d)(1) requires federal habeas courts to test the determination of state courts "only against 'clearly established Federal law, as determined by the Supreme Court of the United States,'" and prohibits the issuance of a writ of habeas corpus "unless the state court's decision is 'contrary to, or involved an unreasonable application of,' that clearly established law." Williams v. Taylor, 529 U.S. 362, 379 (2000). The federal law must be clearly established at the time petitioner's state conviction became final, and the source of doctrine for such law is limited to the United States Supreme Court. Id., 529 U.S. at 380-83.

A state court's decision is "contrary to" clearly established law if "it applies a rule that contradicts the governing law set forth in [the Supreme Court's] cases, or if it confronts a set of facts that is materially indistinguishable from a decision of [the Supreme Court] but reaches a different result." Brown v. Payton, 125 S.Ct. 1432, 1438 (2005). A decision involves an "unreasonable application" of clearly established law if "the state court applies [the Supreme Court's] precedents to the facts in an objectively unreasonable manner." Id. at 1439; Williams, 529 U.S. at 405. "Federal habeas relief is warranted only when the refusal was 'objectively unreasonable,' not when it was merely erroneous or incorrect." Carter v. Kemna, 255 F.3d 589, 592 (8th Cir. 2001) (quoting Williams, 529 U.S. at 410-11).

As an initial matter, the undersigned notes that the post-conviction court summarized the facts regarding the issue:

> 1. Movant was indicted on September 16, 1999 in Cause Number 99CR-3841 on one count of Robbery in Second Degree, a class B felony, in violation of Section 569.030, RSMo, and one count of

Assault of a Law Enforcement Officer Second Degree, a class B felony, in violation of Section 565.082.1(1), RSMo.

2. On October 26, 1999, Derek Rudman, Assistant Public Defender, entered his appearance for Movant.

3. On February 24, 2000, Movant filed a Request for Disposition of Indictments, Informations or Complaints.

4. On March 4, 2000, Brad Kessler entered his appearance as attorney for Movant.

5. On March 6, 2000 [*sic*] Derek Rudman withdrew as attorney for Movant and cause was set for trial on July 17, 2000.

6. On July 14, 2000, Movant filed a Waiver of Speedy Trial.

7. On July 21, 2000, trial was continued to September 5, 2000 for the reason that Movant's trial attorney, Brad Kessler, was in trial in another circuit on July 17, 2000.

8. On September 6, 2000, Movant's trial attorney filed an endorsement of the following witnesses: Jo Ann Connors and Jim Kuenlien, Sr.

9. On September 6, 2000, Movant's trial attorney filed a verified motion for continuance of the trial date, which was denied by the Court.

10. On September 6, 2000, the State filed an Amended Information in Lieu of Indictment which reiterated the charges contained in the original Indictment and added an additional count charging Movant as a Prior and Persistent Offender under Sections 558.016 and 557.036, RSMo.

11. On September 6, 2000, Movant waived his right to jury trial in open court and in writing.

12. On September 6, 2000, the case proceeded to trial before the Court without a jury and the Court returned verdicts of guilty as to the counts of Robbery Second Degree and Assault of a Law Enforcement Officer, Second Degree, both Class B felonies.

13. On September 6, 2000, the Court entered its findings that Movant was a prior and persistent offender as provided in Sections 558.016 and 557.036 RSMo.

14. On November 3, 2000, the Court sentenced Movant to concurrent sentences of fifteen years in the Missouri Department of Corrections to run consecutively to the sentence Movant was serving in the Missouri Department of Corrections.

15. Having examined the trial and sentencing transcripts, and the court files, this Court finds that an evidentiary hearing is not warranted.

16. Movant alleges that trial counsel failed to include any grounds in support of his motion for a new trial and "(h)ad trial counsel elected to include grounds in his motion for new trial, Movant would have been granted a new trial." Amended Motion, paragraph 8, page 3. Movant fails to allege facts in his motion which, if true, would be sufficient to state a claim for relief, he is not entitled to an evidentiary hearing. Barton v. State, 614 S.W.2d 766, 768 (Mo. App. S.D. 1981). Further, this allegation is an issue for direct appeal and is not cognizable in a post-conviction proceeding. State v. Brown, 950 S.W.2d 930 (Mo. App. E.D. 1997).

17. Movant alleges that trial counsel failed to adequately prepare for trial in that trial counsel did not depose the State's witnesses prior to trial, and this hampered trial counsel's ability to cross-examine the witnesses at trail. Amended Motion, Paragraph 9b. Trial counsel stated prior to the trial that he had not deposed the State's witnesses but that he had interviewed the witnesses named in the police report. Tr. p. 9, II. 9-11. Movant fails to allege what information trial counsel should have discovered in a deposition. Movant must specifically allege the information his attorney failed to discover, that a reasonable investigation would have revealed it, and how the information would have aided his position. Price v. State, 974 S.W.2d 596, 597 (Mo. App. E.D. 1998). Movant's allegations are merely general conclusions, not specific allegations of fact sufficient to warrant a hearing. Id.

(Resp. Exh. G at 79-81). Inasmuch as Petitioner does not rebut these factual findings by clear and convincing evidence, they are presumed to be correct. 28 U.S.C. § 2254(e)(1).

### A. Claims Addressed on the Merits

#### 1. Ground 1

In Ground 1 of the instant petition, Petitioner claims that he received ineffective assistance of counsel due to his trial counsel's failure to investigate his case prior to going to trial.

Petitioner raised this claim on appeal from denial of his post-conviction motion. (Resp. Exh. H at 9-14). The Missouri Court of Appeals denied Petitioner's claim finding that Petitioner failed to set forth what information and witnesses his trial counsel should have discovered before trial and how the undiscovered information and witnesses would have provided him a viable defense. (Resp. Exh. J at 3-4). In relevant part, the Missouri Court of Appeals opined as follows:

> In his one point on appeal, Movant alleges the motion court erred in denying his Rule 29.15 motion without an evidentiary hearing because he alleged facts that warranted relief. Movant believes he received ineffective assistance of counsel in that his trial counsel failed to investigate his case prior to going to trial.
>
> To prove Movant received ineffective assistance of counsel based upon the failure to adequately prepare for trial, he must allege: (1) trial counsel failed to discover specific information before trial; (2) the specific information would have been discovered by reasonable investigation; and (3) the undiscovered, specific information would have provided him with a viable defense. Movant never disclosed any specific information in his motion for post-conviction relief regarding what his trial counsel should have discovered before trial. Nor does Movant elucidate how the undiscovered information would provide him with a viable defense.
>
> Movant claims that his trial counsel should have taken depositions and interviewed other witnesses. Movant never revealed in his motion any person his trial counsel should have deposed or interviewed; if the person would testify; what that person's testimony would have been; and how the failure to include that testimony prejudiced the outcome of his trial. Trial counsel will not be held responsible for failing to bring forward witnesses of whom he or she does not know exist.
>
> Movant's pleadings were insufficient to mandate a hearing on his claim because he only made conclusory allegations and failed to allege specific facts which, if true, would entitle him to relief. The judgment of the motion court is affirmed.

(Resp. Exh. J at 3-4) (internal citations omitted).

The state court's rejection of Petitioner's claims constituted adjudication on the merits of the claims and must be reviewed under the deferential provisions of 28 U.S.C. § 2254(d)(1). Section 2254(d)(1) requires federal habeas courts to test the findings of state courts only against clearly established federal law, as determined by the Supreme Court of the United States. Further, § 2254(d)(1) prohibits the issuance of a writ of habeas corpus unless the state court's decision is contrary to, or involved an unreasonable application of that clearly established law. Williams v. Taylor, 529 U.S. 362, 379 (2000). The federal law must be clearly established at the time Petitioner's state conviction became final, and the source of doctrine for such law is limited to the United States Supreme Court. Id. at 380-83.

A state court's decision is contrary to clearly established Supreme Court precedent when it is opposite to the Court's conclusion on a question of law or different than the Court's conclusion on a set of materially indistinguishable facts. Williams, 529 U.S. at 412-13; Carter v. Kemna, 255 F.3d 589, 591 (8th Cir. 2001). A state court's determination is an unreasonable application of Supreme Court precedent if it unreasonably refuses to extend a legal principle to a new context where it should apply. Carter, 255 F.3d at 592 (citing Williams, 529 U.S. at 407). "Federal habeas relief is warranted only when the refusal was 'objectively unreasonable,' not when it was merely erroneous or incorrect." Id. (quoting Williams, 529 U.S. at 410-11).

At the time Petitioner's conviction became final, the law was clearly established that in order to obtain relief under the Sixth Amendment for ineffective assistance of counsel, a petitioner must show that counsel's performance was both deficient and prejudicial. See Strickland v. Washington, 466 U.S. 668, 687 (1984). The crucial issue is whether the petitioner suffered material prejudice due

to counsel's alleged deficient performance. Witherspoon v. Purkett, 210 F.3d 901, 903 (8th Cir. 2000). In order to show prejudice, Petitioner must establish that there is reasonable probability that but for trial counsel's unprofessional errors, the result of Petitioner's trial would have been different. Strickland, 466 U.S. at 694. A reasonable probability is "a probability sufficient to undermine confidence in the outcome." Id. In evaluating the probability of a different result, the court must consider the totality of the evidence. Id., 466 U.S. at 695. Rather than second-guessing counsel's actions with the benefit of hindsight, the reviewing court must examine counsel's decisions with a high degree of deference. Id., 466 U.S. at 689; White v. Helling, 194 F.3d 937, 941 (8th Cir. 1999) (the court "must resist the temptation to use hindsight to require that counsel's performance have been perfect. Only reasonable competence, the sort expected of the 'ordinary fallible lawyer' ... is demanded by the Sixth Amendment") (internal citation omitted). The petitioner bears a heavy burden in overcoming "a strong presumption that counsel's conduct falls within the wide range of (1996). Furthermore, even if Petitioner shows counsel's performance was deficient, "[a]n error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." Strickland, 466 U.S. at 691.

In the instant claim of ineffective assistance of counsel, Petitioner specifically contends that he received ineffective assistance of trial counsel in that counsel failed to take depositions and interview other witnesses. In addressing the claim, the motion court determined Petitioner not to have shown a reasonable probability of a different result inasmuch as Petitioner failed to apprise his trial counsel of the existence of the witnesses. For the following reasons, this decision was neither contrary to, nor involved an unreasonable application of clearly established federal law, and Petitioner's claim will be denied.

In the findings section, the movant court found that although trial counsel had not deposed the State's witnesses before trial, counsel had interviewed the witnesses named in the police report. (Resp. Exh. G at 90). The motion court opined that Petitioner failed to allege what information trial counsel should have discovered in a deposition. Furthermore, the motion court concluded that there was no reasonable probability of a different result. These findings are fairly supported by the record and this Court finds no basis for departing from that analysis.

The state court's rejection of Petitioner's claim constituted adjudication on the merits of the claim and must be reviewed under the deferential provisions of 28 U.S.C. § 2254(d)(1). Section 2254(d)(1) requires federal habeas courts to test the findings of state courts only against clearly established federal law, as determined by the Supreme Court of the United States. Further, § 2254(d)(1) prohibits the issuance of a writ of habeas corpus unless the state court's decision is contrary to, or involved an unreasonable application of that clearly established law. Williams v. Taylor, 529 U.S. 362, 379 (2000). The federal law must be clearly established at the time Petitioner's state conviction became final, and the source of doctrine for such law is limited to the United States Supreme Court. Id. at 380-83.

A state court's decision is contrary to clearly established Supreme Court precedent when it is opposite to the Court's conclusion on a question of law or different than the Court's conclusion on a set of materially indistinguishable facts. Williams, 529 U.S. at 412-13; Carter v. Kemna, 255 F.3d 589, 591 (8th Cir. 2001). A state court's determination is an unreasonable application of Supreme Court precedent if it unreasonably refuses to extend a legal principle to a new context where it should apply. Carter, 255 F.3d at 592 (citing Williams, 529 U.S. at 407). "Federal habeas relief is warranted only when the refusal was 'objectively unreasonable,' not when it was merely erroneous

or incorrect." Id. (quoting Williams, 529 U.S. at 410-11).

In the instant cause, the Missouri Court of Appeals articulated the Strickland standard of review (Resp. Exh. J at 3) and found Petitioner not to have shown prejudice by counsel's conduct inasmuch as, regardless of the failure of his counsel's alleged failure to adequately prepare for trial, Petitioner has failed to cite any specific information regarding what his trial counsel should have discovered before trial, and any persons who should have been interviewed or deposed. Such determination was not contrary to, and did not involve an unreasonable application of, clearly established federal law. 28 U.S.C. § 2254(d)(1).

Based on the above, the state court's decision denying Petitioner relief is well based on law and fact. This Court is unaware of any "clearly established Federal law, as determined by the Supreme Court of the United States" of which the court's decision runs afoul, nor has Petitioner demonstrated such. Therefore, it cannot be said that the state court's adjudication of the instant claims "resulted in a decision that was contrary to, or involved an unreasonable application of," clearly established federal law. 28 U.S.C. §2254(d)(1). Neither has Petitioner shown that the court's determination "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2). As such, the instant claim should be denied. 28 U.S.C. §2254(d).

**2.    Ground 3[2]**

In his third ground for relief, Petitioner contends that there was insufficient evidence upon which the trial court could have found beyond a reasonable doubt that he was guilty of second degree

---

[2]Although Respondent does not address the merits of the sufficiency of the evidence claim, the undersigned finds the claim not to be procedurally barred and addressed the merits.

assault on a law enforcement officer and in sentencing him upon that finding. Petitioner raised this claim on direct appeal, and, upon review of merits of this claim, the Missouri Court of Appeals summarily rejected this claim. (Resp. Exh. D at31-35; Resp. Exh. F; State v. Childers, 62 S.W.2d 726 (Mo. Ct. App. 2001)).

A state court's decision is contrary to clearly established Supreme Court precedent when it is opposite to the Court's conclusion on a question of law or different than the Court's conclusion on a set of materially indistinguishable facts. Williams, 529 U.S. at 412-13; Carter, 255 F.3d at 591. A state court's determination is an unreasonable application of Supreme Court precedent if it unreasonably refuses to extend a legal principle to a new context where it should apply. Carter, 255 F.3d at 592 (citing Williams, 529 U.S. at 407). "Federal habeas relief is warranted only when the refusal was 'objectively unreasonable,' not when it was merely erroneous or incorrect." Id. (quoting Williams, 529 U.S. at 410-11).

The undersigned notes that on appeal, the Missouri Court of Appeals affirmed Petitioner's conviction and judgment in a cursory manner finding that an extended opinion would be of no precedential value. (Resp. Exh. F). This Court is therefore without the benefit of any analysis by which the Missouri Court of Appeals made its determination that Petitioner was not entitled to relief on the claims properly before it. However, the absence of any legal analysis by the state court "does not mean that [Petitioner] is necessarily entitled to habeas relief[.]" Huss v. Graves, 252 F.3d 952, 956 (8th Cir. 2001). Relief may be granted only if the decision of the state court is "substantially different" from what the decision would have been if that court had used the appropriate legal standard as established by the United States Supreme Court. Id. (quoting Williams, 529 U.S. at 405). As such, this Court must apply such established Supreme Court precedent to the facts of this case to

determine whether Petitioner is entitled to relief on his claim. Id.

At the time Petitioner's conviction became final, the law was clearly established that for due process purposes, the relevant inquiry in reviewing the sufficiency of the evidence is "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319 (1979). See also In re Winship, 397 U.S. 358, 361-64 (1970); Sullivan v. Louisiana 508 U.S. 275, 277-78 (1993). It is well established that state law defines the elements of state-law crimes. Fenske v. Thalacker, 60 F.3d 478, 480 (8th Cir. 1995); Turner v. Armontrout, 845 F.2d 165, 168 (8th Cir. 1988). As such, a state appellate court's conclusion that the evidence was sufficient to support a criminal conviction is entitled to great deference be a federal court. Jackson, 443 U.S. at 323.

Under Mo. Rev. Stat. § 569.030 (2000), "a person commits the crime of robbery in the second degree when he forcibly steals property." Forcibly steals is defined in relevant part as follows:

> "a person "forcibly steals", and thereby commits robbery, when, in the course of stealing, ... he uses or threatens the immediate use of physical force upon another person for the purpose of:
>
> (a) Preventing or overcoming resistance to the taking of the property or to the retention thereof immediately after the taking;

Mo. Rev. Stat. § 569.030 (2000). Stealing occurs when a person "appropriates property or services of another with the purpose to deprive him or her thereof, either without his or her consent or by means of deceit or coercion." Mo. Rev. Stat. § 570.030.1. Thus, "[t]he crime of second degree robbery is composed of two elements: stealing and the use of actual or threatened force." Maclin v. State, 184 S.W.3d 103, 109 (Mo. Ct. App. 2006); § 569.030; § 569.010(1).

- 15 -

Petitioner argues that the evidence was insufficient to prove that he used force to steal the truck from the owner and to prevent the officer from stopping the robbery. Petitioner's contention is clearly refuted by the record. The evidence adduced at trial showed Petitioner shoved the driver. The police officer testified as follows:

Officer: As the guy is washing his window, he grabs him and kind of pulls him out of the way and tells him, don't let him hurt me, and he got in it, and then once he got in it, I grabbed him and he put it in gear. And as we start rolling, we went over this -- it was a pretty good curb and then a little grassy area and went down to Hall's Ferry.

Once we hit the curb, I lost my footing and fell. And I was holding on to his left leg and shorts, and I'm trying to pull him out, but I'm getting drug [*sic*] across the road. And I'm trying to pull him out, but I can't. And I'm watching traffic go by underneath the truck, and I saw Pizza Hut go by and I'm going, this isn't good.

And then my hand was dragging on the ground, and I let go once we got to the other side of the street, and I kind of rolled and fell into, I guess, the gutter and then the curb. And when he was taking off, the truck, the rear wheel went up on my leg and up on the curb, and he took off north on Halls Ferry.

Prosecutor: Okay. I'm going to ask you to back up a second. When the defendant approached the owner of the truck –

Officer: -- Yes.

Prosecutor: -- at the car wash, you said that the defendant grabbed the owner of the truck?

Officer: Yes.

Prosecutor: And pulled him out of the way?

Officer: Yes, pulled him out of the way, yelling please don't let him hurt me, and he got into the truck at the same time and was yelling at the guy, don't let him hurt me, you know, help me. And he's getting into the truck as he's pulling the guy out.

- 16 -

Prosecutor: So he physically removed the owner of the truck from the truck?

Officer: Yes.

(Tr. 54).

In this cause, the evidence adduced at trial showed Petitioner pushed the driver of the truck out of the truck. At trial, the driver of the truck testified as follows:

> Yes. I stepped back from the truck to look at it, and the door was open and I had the truck running. And as I got ready to go get into the truck, the next thing I know him and the police was up against me, and he had pushed me out of the way and was trying to get in the truck, and him and the police was between the door. And I just got out of their way.

\*\*\*

> Okay, That's the order it happened. I was getting in the truck, this guy came up and pushed me out of the way, him and the police were wrestling, I get out of the way to keep from getting shot, the guy drags the police into the middle of Halls Ferry, then goes off down Halls Ferry in my company truck. That's how it happened.

(Tr. 81, 86). In light of the above, there was sufficient evidence to demonstrate beyond a reasonable doubt that Petitioner used force when stealing the truck and attempting to prevent the officer from stopping the robbery. These facts are sufficient to establish second-degree robbery. *See*, *e.g.*, State v. Hughes, 204 S.W.2d 376, 381 (Mo. Ct. App. 2006) (defendant's admissions that he stole pseudoephedrine and the struggled with store employees while trying to escape made a submissible case); State v. Maclin, 113 S.W.3d 304, 306-07 (Mo. Ct. App. 2003) (defendant struggled with supermarket employees while trying to leave store with stolen liquor); State v. Norton, 949 S.W.2d 211, 213-14 (Mo. Ct. App. 1997) (defendant struggled with loss-prevention officer while trying to leave store with stolen shirts); State v. Jolly, 820 S.W.2d 734, 735-36 (Mo. Ct. App. 1991) (defendant struggled with victim by pulling on bank deposit bag with both hands to dislodge it from

victim's grasp); State v. Applewhite, 771 S.W.2d 865, 867-68 (Mo. Ct. App. 1989) (defendant pushed store employee against door while fleeing with stolen cigarettes); State v. Harris, 622 S.W.2d 742, 744-45 (Mo. Ct. App. 1981) (defendant shoved store employee with shoulder, pushed by her and then struggled with employee over stolen clothing at the getaway car).

This Court "must presume that the trier of fact resolved all conflicting inferences in the record in favor of the state, and [it] must defer to that resolution." Miller v. Leapley, 34 F.3d 582, 585 (8th Cir. 1994) (citing Jackson, 443 U.S. at 326). Further, when addressing claims of insufficiency of the evidence, it is not the role of the federal habeas court to reweigh credibility issues. See Thiel v. Schuetzle, 200 F.3d 1120, 1122-23 (8th Cir. 1999). In addition, a state appellate court's conclusion that the evidence was sufficient to support a criminal conviction is entitled to great deference by a federal court. Jackson, 443 U.S. at 323. "[W]hether the record contains sufficient evidence to establish each element of the crime beyond a reasonable doubt 'is everyday business for the state courts, grist for their mill, and it will be a rare case in which a federal court on habeas will disagree with them.'" Cassell v. Lockhart, 886 F.2d 178, 179 (8th Cir. 1989) (quoting Moeller v. Attorney General of South Dakota, 838 F.2d 309, 310 (8th Cir. 1988)).

In light of the foregoing, this Court finds the decision of the state court in denying Petitioner relief on this claim, albeit cursory, not to be "substantially different" form what the decision would have been if that court had used the appropriate legal standard established by the United States Supreme Court. The claim raised in Ground 3 of the instant petition should therefore be denied. Huss, 252 F.3d at 956.

**IT IS HEREBY RECOMMENDED** that Petitioner John E. Childers' pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (filed December 27, 2004/Docket No. 2) be dismissed without further proceedings.

The parties are advised that they have eleven (11) days in which to file written objections to this Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1), unless an extension of time for good cause is obtained. Failure to timely file objections may result in a waiver of the right to appeal questions of fact. Thompson v. Nix, 897 F.2d 356, 357 (8th Cir. 1990).

        /s/ Terry I. Adelman
UNITED STATES MAGISTRATE JUDGE

Dated this  24th  day of January, 2008.