**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| JOHN E. CHILDERS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | No.  4:04CV1799-DJS |
| | ) | |
| JIM MOORE, et al., | ) | |
| | ) | |
| Respondents. | ) | |

### ORDER

John E. Childers has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. §2254 challenging his convictions for robbery in the second degree and assault of a law enforcement officer in the second degree, at the conclusion of a non-jury trial.  The matter is now before the Court on the report and recommendation ("R&R") of the United States Magistrate Judge recommending denial of the petition, and on petitioner's objections to the R&R.  As required by 28 U.S.C. §636(b), this Court gives *de novo* consideration to those portions of the magistrate judge's R&R to which objection is made.  Under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), a habeas petition may not be granted unless the state court's determination of a ground for relief was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States."  28 U.S.C. §2254(d).

The magistrate judge has treated Issue 1 of the petition as presenting two grounds for relief. Although expressly stated in the petition as a claim that the post-conviction "motion court clearly erred when it overruled petitioner's Rule 29.15 motion for post-conviction relief," Issue 1 goes on to assert the underlying ineffective assistance of counsel claim for trial counsel's alleged failure to investigate the case prior to trial. Concerning the ineffective assistance claim, the magistrate judge considered the Missouri Court of Appeals' rejection of the claim in order to apply the federal habeas corpus standard of review found in §2254(d).

The Missouri Court of Appeals found that petitioner had not demonstrated an entitlement to relief because he had failed to set forth the information and witnesses he alleges his counsel should have discovered and how they would have supported a viable defense. Resp. Exh. J, Memo. Supplementing Order, pp.3-4. Because that determination of petitioner's ground for relief was not contrary to, and did not involve an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States, the magistrate judge recommended rejection of the ineffective assistance claim.

To prevail on a claim of ineffective assistance of counsel, petitioner must show that his counsel's performance was deficient as a matter of constitutional law and that petitioner was prejudiced by the deficient performance. Strickland v. Washington, 466 U.S. 668, 687 (1984). The Missouri Court of Appeals' rejection

of the ground for relief related to the prejudice prong of this standard. In his objections to the R&R, petitioner argues that trial counsel acknowledged on the record that he had made no investigation, and argues that counsel was so unavailable for consultation that petitioner had no opportunity prior to trial to notify him of witnesses to interview or facts to investigate. Objections [Doc. #16], p.2. Such an objection focuses on the deficient performance prong of an ineffective assistance claim, and so misses the point in this instance.

For purposes of analyzing the claim for habeas relief now before it, this Court must consider the argument made to the Missouri courts and the rationale those courts used with respect to that argument. Rather than what petitioner's and counsel's actual communication was prior to trial, the focus now is on the sufficiency of what petitioner argued in support of his claim for post-conviction relief. If petitioner failed to identify in those postconviction proceedings what his counsel could have discovered by adequate pretrial investigation and how he was prejudiced, petitioner's ineffective assistance of counsel claim for failure to investigate was properly rejected because the prejudice prong was not met.

In his objections to the R&R, petitioner identifies his younger brother as an individual his counsel should have interviewed, asserting that the brother was told by the arresting officer (the assault victim) that he was not in fact injured by the

3

alleged assault. Objections [Doc. #16], p.6. The Court notes that the brother, James E. Kuehnlein, Jr., himself a police officer, and petitioner's stepfather, James Kuehnlein, Sr., were endorsed by petitioner's trial counsel as witnesses. Transcript, Resp. Exh. A, pp. 27-30. In any event, petitioner's belated attempt at specificity does not satisfy the standard for federal habeas relief, because it cannot demonstrate that the Missouri Court of Appeals' rejection of his claim (in the absence of such specificity) was "*both* wrong *and* unreasonable." Colvin v. Taylor, 324 F.3d 583, 587 (8th Cir. 2003) (emphasis in original). Petitioner's objections to the recommended denial of the ineffective assistance claim asserted in Issue 1 are without merit, and relief on that claim will be denied.

In addition to the objections' extensive treatment of the issues discussed above, petitioner asserts in his objections that "other witness testimony directly expresses that Petitioner was not in fact in control of [the] vehicle that allegedly injured [the] arresting officer as reported," and, that no actual or threatened force was in fact used in the incident out of which petitioner's convictions arise. Id. at 8. The objections do not clearly indicate the relationship of these assertions to the issues before the Court on the habeas petition. Based on the similarities between the context in which these assertions are made in the objections, and the discussion of Issue 3 in the petition itself,

the Court interprets the objections to relate to that ground for relief. In Issue 3, petitioner challenges the trial court's finding of guilt on the charge of second degree assault on a law enforcement officer as against the weight of the evidence. On direct appeal, petitioner challenged the guilty findings on both counts of conviction as against the weight of the evidence, and the Missouri Court of Appeals rejected the claims.

In the R&R, after correctly stating Issue 3 as pertaining to the assault charge, the magistrate judge's discussion and analysis appears to be of the sufficiency of the evidence to support petitioner's conviction on the second degree robbery charge. The objections now before the Court are directed to the evidence pertinent to the assault charge, to which the Court now gives *de novo* consideration. Count 2 of the indictment charged petitioner with an offense under §565.082.1(1) R.S.Mo., which provides that a person commits the crime of assault of a law enforcement officer in the second degree if he "[a]ttempts to cause or knowingly causes physical injury to a law enforcement officer by means of a deadly weapon or dangerous instrument."

The evidence at trial supported a rational finding of the following facts beyond a reasonable doubt. In flight from a police officer, petitioner took a truck belonging to another person, and put it in gear and crossed several lanes of traffic with the police officer hanging on to petitioner's leg out of the open door of the

truck. The officer's leg was run over by a wheel of the truck without causing serious injury, but the officer also suffered a broken finger and abrasions. The dangerousness of the truck in such circumstances is readily established, the physical injury to the officer is established, and petitioner's knowledge that the person was a law enforcement officer is not in dispute. That petitioner acted with a premeditated intent to cause injury to the officer by dragging him with the stolen car is not required for guilt of the offense. It is sufficient that petitioner put the truck into gear in circumstances in which the officer was clearly endangered by that act.

To the extent petitioner's objections address the use of force in the taking of the truck from its owner, those facts are not pertinent to the sufficiency of the evidence on the charge of assault of the law enforcement officer. The sufficiency of the evidence on the robbery second degree charge, though challenged on petitioner's direct appeal in state court, is not addressed here in his federal habeas petition, where Issue 3 addresses only the assault charge.

Upon *de novo* consideration, the Court finds that the Missouri Court of Appeals' affirmance of petitioner's assault conviction comported with the requirement of due process that the evidence, viewed in the light most favorable to the prosecution, supported a rational trier of fact's finding that the essential

elements of the crime were proved beyond a reasonable doubt. <u>Jackson v. Virginia</u>, 443 U.S. 307, 319 (1979). Petitioner's objections to the contrary are overruled.

For all the foregoing reasons, and upon *de novo* consideration of the matters objected to, the Court concludes that petitioner has shown no right to relief pursuant to 28 U.S.C. §2254. Accordingly,

**IT IS HEREBY ORDERED** that petitioner's objections [Doc. #16] are overruled, and the magistrate judge's report [Doc. #13], as modified herein, is accepted and his recommendation is adopted.

Dated this <u>  18th  </u> day of March, 2008.

<u>/s/Donald J. Stohr            </u>
UNITED STATES DISTRICT JUDGE